O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  | Case No. 5:15-cv-01003 (VEB) |
|---|---|
| ANA MARTINEZ, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**I. INTRODUCTION**

In August of 2011, Plaintiff Ana Martinez applied for Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, by and through her attorneys, Disability Advocates Group, Michelle Shvarts, Esq. of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12). On May 2, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 18).

## II. BACKGROUND

Plaintiff applied for SSI benefits on August 22, 2011, alleging disability beginning March 15, 2005, due to physical and mental impairments. (T at 13).[1]  The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On December 5, 2013, a hearing was held before ALJ Christine Long. (T at 28).  Plaintiff appeared with her attorney and testified. (T at 33-37, 42-46).  The ALJ also received testimony from Dr. Malcolm Brahms, a medical expert (T at 37-42), and Alan Boroskin, a vocational expert (T at 47-53).

On January 14, 2014, the ALJ issued a written decision denying the application for benefits.   (T at 10-27).   The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 16.

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

Commissioner's final decision on April 28, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On May 21, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of a decision by the Commissioner of Social Security denying her application for benefits. (Docket No. 1). The Commissioner interposed an Answer on December 14, 2015. (Docket No. 15).  The parties filed a Joint Stipulation on February 10, 2016. (Docket No. 17).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

## III. DISCUSSION

### A.   Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

1    **B.    Standard of Review**

2         Congress has provided a limited scope of judicial review of a Commissioner's

3    decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

4    made through an ALJ, when the determination is not based on legal error and is

5    supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

6    1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

7         "The [Commissioner's] determination that a plaintiff is not disabled will be

8    upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

9    *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

10   evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

11   n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

12   599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

13   reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

14   *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

15   conclusions as the [Commissioner]  may reasonably draw from the evidence" will

16   also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

17   the Court considers the record as a whole, not just the evidence supporting the

18   decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

19   1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

20

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.      Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 22, 2011, the application date. (T at 15).  The ALJ found that Plaintiff's degenerative disc disease of the cervical and lumbar spine with back pain; insulin-dependent diabetes mellitus, type 2; diabetic peripheral neuropathy; obstructive sleep apnea; and major depressive disorder were "severe" impairments under the Act. (Tr. 15).

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 15).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR § 416.967 (a), with the following limitations: lift/carry no more than 10 pounds occasionally; sit 6 hours in an 8-hour workday; stand/walk no more than 2 hours in an 8-hour workday; must be able to alternate sitting and standing briefly every 2 hours; only occasional operation of foot controls; only occasional stooping, kneeling, crouching, crawling, climbing stairs/ramps; no climbing ladders, ropes, or scaffolds; only occasional over the shoulder reaching; no work at unprotected heights or around dangerous moving machinery; can understand and remember simple, routine tasks; can carry out short and simple instructions; can make judgments and decisions consistent with simple routine duties; cannot perform work with high production quotas or rapid assembly line work; and limited to only occasional contact with co-workers and public. (T at 16).

The ALJ found that Plaintiff could not perform her past relevant work as a home health aide. (T at 20).  Considering Plaintiff's age (38 years old on the application date), education (at least high school), work experience, and residual

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

1   functional capacity, the ALJ found that jobs exist in significant numbers in the

2   national economy that Plaintiff can perform. (T at 21).

3        Accordingly, the ALJ determined that Plaintiff was not disabled within the

4   meaning of the Social Security Act between August 22, 2011 (the application date)

5   and January 14, 2014 (the date of the decision) and was therefore not entitled to

6   benefits. (T at 22). As noted above, the ALJ's decision became the Commissioner's

7   final decision when the Appeals Council denied Plaintiff's request for review. (T at

8   1-6).

9   **D.   Disputed Issues**

10        As set forth in the Joint Stipulation (Docket No. 17, at p. 2), Plaintiff offers

11  two main arguments in support of her claim that the Commissioner's decision should

12  be reversed.  First, she contends that the ALJ did not properly address a treating

13  physician opinion.  Second, she challenges the ALJ's credibility determination.

14

15                              **IV. ANALYSIS**

16  **A.   Treating Physician Opinion**

17        In disability proceedings, a treating physician's opinion carries more weight

18  than an examining physician's opinion, and an examining physician's opinion is

19  given more weight than that of a non-:examining physician. *Benecke v. Barnhart*,

20

379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

In a letter dated March 6, 2012, Dr. Lloyd Costello, Plaintiff's treating physician, explained that Plaintiff suffers from multiple medical problems, with her pulmonary status, poorly controlled diabetes, and degenerative disc disease of cervical and lumbar spine being the "most debilitating." (T at 504).  Her diabetes is "poorly controlled." (T at 504).  Plaintiff suffers from "intractable pain secondary to cervical and lumbar disc disease." She requires "around-the-clock opioid therapy," which has "significant side effects, including sedation and impaired cognitive function." (T at 504).  Her ability to carry out activities of daily living is "significantly compromised." (T at 504).  Dr. Costello characterized Plaintiff's prognosis as "fair to poor" and opined that she was unable to maintain gainful employment. (T at 505).

In June of 2013, Dr. Costello completed a Medical Source Statement of Ability to do Work-Related Activities (physical) form.  He diagnosed diabetes, depression, anxiety, asthma, and back pain.  Dr. Costello opined that Plaintiff could sit or stand for 5 minutes at a time, and could sit and stand/walk for less than 2 hours in an 8-hour workday. (T at 639).  She would need to shift positions at will and would need to take unscheduled breaks every 30 minutes to lie down for 20-30 minutes. (T at 640).  She can rarely lift less than 10 pounds and never more than that. (T at 640).  She has significant limitations with regard to reaching, handling, or

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

fingering. (T at 641).  According to Dr. Costello, Plaintiff would likely be "off task" more than 25% of the day and would likely miss work due to her impairments or treatment more than 3 days per month. (T at 641).

The ALJ discounted Dr. Costello's assessments, finding them contradicted by the objective medical evidence. (T at 19).  For the following reasons, this Court finds the ALJ's decision to discount Dr. Costello's opinions consistent with applicable law and supported by substantial evidence.

Dr. Costello's March 2012 letter is rather conclusory and does not contain citations to supporting clinical findings or other objective evidence.  The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

The ALJ also cited medical evidence, including x-rays and MRI findings, that were inconsistent with Dr. Costello's assessment of very severe limitations. (T at 17-18).  Further, the ALJ found that although Dr. Costello's treatment notes do document pain and other symptoms, they consistently contained unremarkable findings (other than obesity) and did not indicate that Plaintiff was acutely or chronically ill. (T at 19, 384, 386, 388, 390, 392, 394, 396, 398, 568, 570, 572, 574,

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

576, 578, 580-83). *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

Further support for the ALJ's decision to discount Dr. Costello's opinion is found in the assessments of two medical experts.  Dr. Seung Ha Lim performed a consultative examination in October of 2011.  Dr. Lim opined that Plaintiff could stand/walk about 6 hours in an 8-hour work day with appropriate breaks and sit for the same length of time. (T at 422).  He also concluded that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently, and was limited to occasionally climbing, crouching, and pushing/pulling with her lower extremities. (T at 422).

Dr. Malcolm Brahms, a non-examining physician, reviewed the record and testified at the administrative hearing.  Dr. Brahms opined that Plaintiff should avoid ladders, ropes, and scaffolds and only occasionally kneel, stoop, or work about shoulder level. (T at 40).  However, other than that, Dr. Brahms found that Plaintiff would have no work-related limitations. (T at 40).  Plaintiff's counsel had the opportunity, and did, cross-examine Dr. Brahms. (T at 40-42).

The ALJ afforded great weight to Dr. Lim's opinion and found Dr. Brahms's statements "well-reasoned and consistent with the record as a whole." (T at 18).  The

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

1   ALJ credited Plaintiff's allegations of pain to some degree and assessed additional

2   limitations beyond those found by Dr. Brahms (e.g., a limitation to lifting/carrying

3   no more than 10 pounds; sitting 6 hours in an 8-hour workday; standing/walking 2

4   hours in an 8-hour workday). (T at 16).

5       "The opinions of non-treating or non-examining physicians may also serve as

6   substantial evidence when the opinions are consistent with independent clinical

7   findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957

8   (9th Cir. 2002); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical

9   and psychological consultants and other program physicians, psychologists, and

10  other medical specialists are highly qualified physicians, psychologists, and other

11  medical specialists who are also experts in Social Security disability evaluation.").

12  )). Indeed, "an ALJ may give greater weight to the opinion of a non-examining

13  expert who testifies at a hearing subject to cross-examination." *Andrews v. Shalala*,

14  53 F.3d 1035, 1042 (9th Cir. 1995) (citing *Torres v. Secretary of H.H.S.*, 870 F.2d

15  742, 744 (1st Cir. 1989)).

16      Plaintiff argues that the ALJ should have weighed the evidence differently and

17  resolved the conflict in favor of Dr. Costello's opinions.  However, it is the role of

18  the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v.*

19  *Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the

20

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence, including a consultative examiner opinion (Dr. Lim), testimony from a medical expert (Dr. Brahms), and a reasonable review of the medical record, and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

## B.      Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: She was 40 years old on the date of the administrative hearing. She has a driver's license, but does not drive. (T at 34). She graduated from high school and attended some college. She has four children, ages 21, 11, 9, and 4. (T at 34-35). She does not sleep well and suffers from paranoia, depression, and bipolar disorder. (T at 42). She wakes up tired and depressed. (T at 42). Her main problems are depression and arthritis in her back and neck. (T at 42). Her activities are minimal. She is in constant pain and does not leave her house alone. (T at 43). She does not complete any household chores or cook. (T at 43-44). She lives with her husband and mother. (T at 44). They take care of the children. (T at 44). She has regular visits with a psychiatrist and

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003

therapist. (T at 45).  Depression causes non-compliance with her insulin regimen, which in turn complicates her diabetes. (T at 45-46).  Although she has back pain, no one has ever recommended surgery. (T at 46).

The ALJ concluded that Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 20).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.  First, although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by the weight of the objective medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Second, Plaintiff admitted being non-compliant with her insulin, which exacerbated her diabetes.  Although she claimed this was related to her depression, the ALJ reasonably found this claim unsupported by the evidence.  *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012)("Although [claimant] provided reasons for resisting treatment, there was no medical evidence that … resistance was

attributable to her mental impairment rather than her own personal preference, and it was reasonable for the ALJ to conclude that the 'level or frequency of treatment [was] inconsistent with the level of complaints.'")(quoting SSR 96-7p).

With regard to Plaintiff's alleged mental health impairments, the ALJ reasonably relied on the treatment notes of Dr. Hassan Mahfoozi, a treating psychiatrist, and the opinion of Dr. Ernest Bagner, a consultative psychiatric examiner, both of which indicated only mild-to-moderate functional limitations related to mental health impairments. (T at 18). *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)("If the ALJ's credibility finding is supported by substantial evidence, the court may not engage in second-guessing.").

For the reasons outlined above, this Court finds no reversible error with regard to the ALJ's credibility determination.

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an

appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 5th day of July, 2016.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – MARTINEZ v COLVIN 5:15-cv-01003